UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA            CRIMINAL ACTION

VERSUS

THURMAN RAY MORRIS            NO.: 15-00002-BAJ-EWD

## RULING AND ORDER

Petitioner Thurman Ray Morris filed a **Motion to Correct Sentence (Doc. 311)**. Petitioner claims that he is entitled to 14 months credit for the time he spent in the Louisiana Department of Corrections, as well as 12 months he spent in Federal Custody, awaiting trial and sentencing, for a total of 26 months. (Doc. 311 at p. 3).

## I. BACKGROUND

On July 1, 2015, Petitioner pled guilty to conspiring to distribute and possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 and unlawful use of communication facilities in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2. (Doc. 138, 142). On December 18, 2015, the Court sentenced Petitioner to 72 months on the conspiracy charge and 24 months on the unlawful use of communication facilities charge, to run concurrently. (Doc. 264 at p. 3). At sentencing, the Court indicated that Petitioner would be awarded 12 or 14 months time served, for the time Petitioner served in a state court matter. (Doc. 296-1 at p. 1:11-23). The Judgement, however, provided that the Petitioner would be credited 12 months, making his total sentence 60 months. *Id.* Petitioner then filed a Motion to

1

Amend Judgment (Doc. 296), in which he argued that he served 14 months in state custody, rather than the 12 months reflected in the Court's Judgment. *Id.* The probation office investigated the time Petitioner was in state custody. (Doc. 309). A typographical error was discovered in the database used to determine Petitioner's time in state custody, and a further review of the matter revealed that Petitioner, should, in fact, be credit for 14 months instead of 12 months. *Id.* On June 26, 2017, the Court thereafter entered an amended judgment reflecting this correction, making Petitioner's total sentence 58 months. (Doc. 310 at p. 2).

Less than a month later, on July 13, 2017, Petitioner filed a Motion to Correct his Sentence. (Doc. 310). Petitioner claims that he is entitled to 14 months credit for the time he spent in the Louisiana Department of Corrections, as well as 12 months he spent in Federal Custody, awaiting trial and sentencing, for a total of 26 months. (Doc. 311).

## II. DISCUSSION

Petitioner styled his motion as a Motion to Correct his Sentence. (Doc. 311). Rule 35 of the Federal Rules of Criminal Procedure, titled "Correcting or Reducing a Sentence", provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." The Court is well-beyond this 14-day limit.

The Court must therefore construe Plaintiff's motion as a 28 U.S.C. § 2255 Motion to Vacate, Amend, Set Aside, or his Correct Sentence[1]. Because Petitioner

---

[1] The Court also cannot construe this motion as a writ of habeas corpus under 28 U.S.C. § 2241, which prisoners may bring to "attack[] the manner in which a sentence is carried out or the prison

2

did not indicate that he intended to file a § 2255 motion, this Court is required to give the warnings discussed by the United States Supreme Court in *Castro v. United States*, 540 U.S. 375 (2003).[2] In *Castro*, the Supreme Court held that a district court should not recharacterize a *pro se* post-conviction motion as a first § 2255 motion absent notice and warning to the Petitioner as to the consequences of that recharacterization. *Id.* at 383.

Pursuant to *Castro*, Petitioner is advised that any § 2255 motion that he files in the future will be subject to the restrictions imposed on second or successive motions. The Court must give Petitioner the opportunity to withdraw the motion or amend the recharacterized motion so that the motion contains all of the grounds for relief that he believes are available to him under § 2255.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that within 21 days of this Order, Petitioner either: (1) withdraw his Motion to Correct Sentence (Doc. 311) that the Court has recharacterized as a § 2255 motion or; (2) file an amended motion on the attached § 2255 form that includes all grounds for relief that Petitioner believes are available to him. If the motion is not withdrawn, Petitioner must file an amended motion on

---

authorities' determination of its duration[.]" *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Indeed, Petitioner claims that the Court erred in failing to credit him time served; he does not allege that the Bureau of Prisons erred.

[2] The Court did not provide Petitioner with a *Castro* warning after he filed his first Motion to Amend Judgement, challenging his sentence. (Doc. 296). Therefore, the Court cannot construe that motion as a § 2255 motion.

3

the attached form even if he decides not to include new or additional grounds for relief.

**IT IS FURTHER ORDERED** that failure to comply with this Order may result in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to comply with a Court order.

**PETITIONER IS FURTHER ADVISED** that any subsequent § 2255 motion filed by him will be subject to the following requirements:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

**IT IS FURTHER ORDERED** that the Clerk of Court send a copy of this Order to Petitioner and to provide him with the attached § 2255 forms.

Baton Rouge, Louisiana, this 29th day of November, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**