UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA          CRIMINAL ACTION

VERSUS

THURMAN RAY MORRIS          NO.: 15-00002-BAJ-EWD

### RULING AND ORDER

Petitioner Thurman Ray Morris filed a **Motion to Correct Sentence (Doc. 311)** and a **Motion to Vacate Under § 2255 (Doc. 319)**. Petitioner claims that he is entitled to 14 months credit for the time he spent in the Louisiana Department of Corrections, as well as 12 months he spent in Federal Custody, awaiting trial and sentencing, for a total of 26 months. (Doc. 311 at p. 3).

## I. BACKGROUND

On July 1, 2015, Petitioner pled guilty to conspiring to distribute and possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 and unlawful use of communication facilities in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2. (Doc. 138, 142). On December 18, 2015, the Court sentenced Petitioner to 72 months on the conspiracy charge and 24 months on the unlawful use of communication facilities charge, to run concurrently. (Doc. 264 at p. 3). At sentencing, the Court indicated that Petitioner would be awarded 12 or 14 months time served for the time Petitioner served in a state court matter. (Doc. 296-1 at p. 1:11-23). The Judgement, however, provided that the Petitioner would be credited 12

1

months, making his total sentence 60 months. *Id.* Petitioner then filed a Motion to Amend Judgment (Doc. 296), in which he argued that he served 14 months in state custody, rather than the 12 months reflected in the Court's Judgment. *Id.* The United States Probation Service investigated the time Petitioner was in state custody. (Doc. 309). A typographical error was discovered in the database used to determine Petitioner's time in state custody, and a further review of the matter revealed that Petitioner, should, in fact, be credited for 14 months instead of 12 months. *Id.* On June 26, 2017, the Court thereafter entered an amended judgment reflecting this correction, making Petitioner's total sentence 58 months. (Doc. 310 at p. 2).

Less than a month later, on July 13, 2017, Petitioner filed a Motion to Correct his Sentence. (Doc. 310). Petitioner claims that he is entitled to 14 months credit for the time he spent in the Louisiana Department of Corrections, as well as 12 months he spent in federal custody, awaiting trial and sentencing, for a total of 26 months. (Doc. 311). On November 30, 2017, the Court characterized Petitioner's Motion to Correct Sentence as a Motion to Vacate under 28 U.S.C. §2255. The Supreme Court has held that a district court should not characterize a *pro se* post-conviction motion as a § 2255 motion absent notice and warning to the petitioner as to the consequences of that characterization. *Castro v. United States*, 540 U.S. 375, 383 (2003). The Court therefore instructed Petitioner to either withdraw his Motion to Correct Sentence or to file an amended motion to vacate under § 2255. (Doc. 311). On December 15, 2017, Petitioner filed a Motion to Vacate under § 2255 repeating the argument contained in his Motion to Correct Sentence. (Doc. 319).

## II. DISCUSSION

Petitioner's challenge to his sentence is barred by his plea agreement, in which he waived a collateral attack on his conviction except under several narrow exceptions. (*See* Doc. 142). A criminal defendant may waive the right to appeal and collateral review, so long as the waiver is knowing and voluntary. *See United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002). As part of his plea agreement, Petitioner waived his right to appeal his conviction and sentence under § 2255 except for "(a) any sentence which is in excess of the statutory maximum; (b) any sentence which is an upward departure pursuant to the Sentencing Guidelines; and (c) any non-Guidelines sentence or "variance" which is above the guidelines range calculated by the Court." (Doc. 142 at p. 11-12). Plaintiff's particular challenge to his sentence does not fall under any of these exceptions and Petitioner does not allege that he did not waive these rights knowingly or voluntarily. (*See* Docs. 311, 319). Accordingly, the Court must deny Petitioner's challenge to his sentence because it is barred by his plea agreement.

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Petitioner's **Motion to Correct Sentence (Doc. 311) is DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's **Motion to Vacate under 28 U.S.C. § 2255 (Doc. 319)** is **DENIED**.

Baton Rouge, Louisiana, this 22nd day of December, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**